IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

JENNIFER CLEM,                              *
                                            *
            Plaintiff,                      *
                                            *
      vs.                                   *          Civil Action No. ADC-21-1633
                                            *
STATE OF MARYLAND,                          *
                                            *
            Defendant.                      *
                                            *

* * * * * * * * * * * * * * * * * * * * * * * * * *

## MEMORANDUM OPINION

Defendant the State of Maryland ("Defendant") moves this Court to dismiss Plaintiff

Jennifer Clem's ("Plaintiff") Amended Complaint (ECF No. 12), or in the alternative, for a grant

of summary judgment. ECF No. 15. Plaintiff filed the Amended Complaint in this Court alleging

discrimination and retaliation in violation of the Family and Medical Leave Act ("FMLA") (Count

I) and sex discrimination in violation of Title VII of the Civil Rights Act of 1964 ("Title VII")

(Count II).[1] ECF No. 12. After considering Defendant's Motion and responses thereto (ECF Nos.

18, 23) the Court finds that no hearing is necessary. Loc.R. 105.6 (D.Md. 2021). For the reasons

stated herein the Defendant's motion, construed as a motion to dismiss, is GRANTED IN PART

and DENIED IN PART.

## FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff is an adult woman who was hired by Defendant as a District Court Commissioner

in or around October of 2017. ECF No. 12 ¶¶ 1, 7. In or around July 2020, Plaintiff requested

---

[1] On August 3, 2021, this case was assigned to United States Magistrate Judge A. David
Copperthite for all proceedings pursuant to Standing Order 2019-07. ECF No. 8. All parties
voluntarily consented in accordance with 28 U.S.C. § 636(c). ECF No. 11.

intermittent leave under the FMLA to care for her sick father, and Defendant approved the request. *Id.* ¶¶ 9, 12. Plaintiff requested leave under the FMLA for August 5-7, August 12-14, August 19-21, and August 26-28, and all requests were granted except August 12-14. *Id.* ¶¶ 13–15. Plaintiff further discussed anticipated future FMLA leave requests with her supervisor and co-workers between September 1, 2020 and October 16, 2020. *Id.* ¶ 15.

On October 16, 2020, Defendant told Plaintiff that she could either resign or be terminated, but failed to provide a reason for the termination. *Id.* ¶¶ 16–17. Defendant gave Plaintiff a draft Letter of Resignation and General Release, but Plaintiff did not sign the letter and was terminated on October 17, 2020. *Id.* ¶¶ 18–19. Plaintiff contends that she was performing her duties "within the reasonable expectations of her employer" at the time of her termination, and the only change to her performance was her intermittent FMLA leave. *Id.* ¶¶ 20–21. Plaintiff asserts that similarly situated male coworkers who did not request FMLA leave were not terminated. *Id.* ¶ 22.

On July 2, 2021, Plaintiff filed suit in this Court. ECF No. 1. Plaintiff filed the Amended Complaint on August 27, 2021, alleging that Defendant discriminated against her in violation of the FMLA and Title VII. ECF No. 12. On November 1, 2021, Defendant filed a Motion to Dismiss the Amended Complaint or, in the Alternative, for Summary Judgment. ECF No. 15. Plaintiff responded in opposition on November 23, 2021, and Defendant replied on December 14, 2021. ECF Nos. 18, 23.

## DISCUSSION

### A. Standard of Review

#### 1. Motion to Dismiss for Failure to State a Claim

The purpose of a Rule 12(b)(6) motion is to test the sufficiency of a complaint, not to "resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses."

*King v. Rubenstein*, 825 F.3d 206, 214 (4th Cir. 2016) (quoting *Edwards v. City of Goldsboro*, 178 F.3d 231, 243 (4th Cir. 1999)). A complaint must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Facial plausibility exists when Plaintiff "pleads factual content that allows the court to draw the reasonable inference that [Defendant] is liable for the misconduct alleged." *Id.* An inference of a "mere possibility of misconduct" is not sufficient to support a plausible claim. *Id.* at 679. "Factual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. When considering a motion to dismiss, the Court must accept all factual allegations in the complaint as true, but not legal conclusions couched as factual allegations. *Id.* (citations omitted).

2.   Motion for Summary Judgment

Pursuant to Rule 56, a movant is entitled to summary judgment where the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact. Fed.R.Civ.P. 56(a); *see Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23 (1986); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247–48 (1986) ("[T]he mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* issue of *material* fact." (emphasis in original)). An issue of fact is material if, under the substantive law of the case, resolution of the factual dispute could affect the outcome. *Anderson*, 477 U.S. at 248. There is a genuine issue as to material fact "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id. See Dulaney v. Packaging Corp. of Am.*, 673 F.3d 323, 330 (4th Cir. 2012). On the other hand, if after the Court has drawn all reasonable inferences in favor of the nonmoving party and "the evidence is merely colorable,

3

or is not significantly probative, summary judgment may be granted." *Anderson*, 477 U.S. at 249–50 (citations omitted).

The party seeking summary judgment bears the initial burden of establishing either that no genuine issue of material fact exists or that a material fact essential to the non-movant's claim is absent. *Celotex Corp.*, 477 U.S. at 322–24. Once the movant has met its burden, the onus is on the non-movant to establish that there is a genuine issue of material fact. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). In order to meet this burden, the non-movant "may not rest upon the mere allegations or denials of [its] pleadings," but must instead "set forth specific facts showing that there is a genuine issue for trial." *Bouchat v. Balt. Ravens Football Club, Inc.*, 346 F.3d 514, 522 (4th Cir. 2003) (quoting Fed.R.Civ.P. 56(e)).

Defendant has styled its motion as a Motion to Dismiss or, in the Alternative, for Summary Judgment. ECF No. 15. A motion styled in this manner implicates the Court's discretion under Rule 12(d) of the Federal Rules of Civil Procedure. *See Kensington Vol. Fire Dept., Inc. v. Montgomery County,* 788 F.Supp.2d 431, 436–37 (D.Md.2011), *aff'd* 684 F.3d 462 (4th Cir. 2012). Rule 12(d) provides that if the Court considers matters outside the pleadings, the Rule 12(b)(6) motion "must be treated as one for summary judgment under Rule 56." Fed.R.Civ.P. 12(d). "A district judge has 'complete discretion to determine whether or not to accept the submission of any material beyond the pleadings that is offered in conjunction with a Rule 12(b)(6) motion and rely on it, thereby converting the motion, or to reject it or simply not consider it.'" *Whitaker v. Md. Transit Admin.*, No. ELH-17-00584, 2018 WL 902169, at *7 (D.Md. Feb. 14, 2018) (quoting 5C CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE & PROCEDURE § 1366, at 159 (3d ed. 2004, 2011 Supp.)). "In general, courts are guided by whether consideration of extraneous

material is likely to facilitate the disposition of the action, and whether discovery prior to the utilization of the summary judgment procedure is necessary." *Id.* (citation omitted).

Here, Defendant challenges the factual allegations of Plaintiff's Amended Complaint by providing affidavits challenging her assertions. *See* ECF Nos. 15-2, 23-1, 23-2, 23-3. Plaintiff similarly responds, disputing Defendant's factual contentions in its Motion. *See* ECF No. 18-1. The motivation behind Plaintiff's termination is central to Plaintiff's claims, and discovery will permit the parties to gain more information to rely upon in developing their respective arguments. The Court thus construes this motion as a motion to dismiss for failure to state a claim and declines to consider the supplemental materials to the parties' respective motions and responses.

### B. Defendant's Motion

Defendant argues that (1) Plaintiff has failed to state a claim for discrimination and retaliation in violation of the FMLA because there is no causal connection between Plaintiff's intermittent FMLA leave and her termination, and (2) Plaintiff has similarly failed to state a claim for sex discrimination in violation of Title VII because she presents no factual allegations to support the claim.[2] ECF No. 15-1 at 9, 13. The Court addresses each argument below.

### 1. Count I: Violation of the FMLA

Defendant asserts that Plaintiff's Amended Complaint must be dismissed because she has failed to allege facts to support that her termination resulted from her intermittent FMLA leave, with two and a half months passing between her first leave and her termination. ECF No. 15-1 at 12. The FMLA prohibits employers from discharging or discriminating against an individual for exercising their substantive rights under the FMLA. 29 U.S.C. § 2615(a)(2); *Yashenko v. Harrah's*

---

[2] The Court addresses Defendant's arguments in the order the Counts are presented in Plaintiff's Amended Complaint.

*NC Casino Co., LLC*, 446 F.3d 541, 546 (4th Cir. 2006). Plaintiff raises "'retaliation' or discrimination' claims," which concern violations of the prospective rights under the FMLA. ECF No. 12 ¶ 27. *See Yashenko*, 446 F.3d at 546. A prima facie case of retaliation or discrimination claims requires Plaintiff show that: "(1) she 'engaged in protected activity;' (2) 'an adverse employment action was taken against her;' and (3) 'there was a causal link between the protected activity and the adverse employment action.'" *Wright v. Southwest Airlines,* 319 F.App'x 232, 233 (4th Cir. 2009) (quoting *Mackey v. Shalala,* 360 F.3d 463, 469 (4th Cir.2004)). *See Bosse v. Baltimore Cty.*, 692 F.Supp.2d 574, 588 (D.Md. 2010).

"[F]or purposes of establishing a prima facie case, close temporal proximity between activity protected by the statute and an adverse employment action may suffice to demonstrate causation." *Waag v. Sotera Def. Sols., Inc.*, 857 F.3d 179, 192 (4th Cir. 2017). *See Yashenko*, 446 F.3d at 551 (explaining that evidence of closeness in time satisfies a prima facie case of causality); *Glunt v. GES Exposition Servs., Inc.*, 123 F.Supp.2d 847, 871 (D.Md. 2000) ("Temporal proximity between the employer's adverse employment action and the employee's exercise of her rights under the FMLA may reasonably support an inference that the action was taken in violation of the FMLA."); *Bosse*, 692 F.Supp.2d at 588 (quoting *Glunt*, 123 F.Supp.2d at 871); *Williams v. Cerberonics, Inc.*, 871 F.2d 452, 457 (4th Cir. 1989) (explaining that, in the Title VII context, the proof that the plaintiff was fired after her employer became aware that she had filed a discrimination charge . . . certainly satisfie[d] the less onerous burden of making a prima facie case of causality"). A close proximity between the adverse employment action and the Plaintiff's attempts to exercise her rights under the FMLA is "sufficient to infer a causal connection between the two events." *Glunt*, 123 F.Supp.2d at 872.

On the question of how much time constitutes close temporal proximity, this Court's previous decision in *Townes v. Maryland Department of Juvenile Services* provides guidance. No. JKB-15-1093, 2015 WL 5928114 (D.Md. Oct. 8, 2015). The Court explained that temporal proximity satisfied the causation prong at the pleading stage where the plaintiff identified "at least one 'adverse action' temporally linked to her exercise of leave," where the plaintiff took leave in May and had an adverse employment action in July. *Id.* at *1–2, *5. The United States Court of Appeals for the Fourth Circuit in *King v. Rumsfeld* further noted that a period of "two months and two weeks" gave rise to "a sufficient inference of causation to satisfy the prima facie requirement," however it was "sufficiently long so as to weaken significantly the inference of causation." 328 F.3d 145, 151 n.51 (4th Cir. 2003) (concerning a motion for summary judgment on a Title VII claim). This Court has regularly permitted temporal proximity to show causation in FMLA and discrimination cases. *See, e.g.*, *Glunt*, 123 F.Supp.2d 847, 871–72 (concerning an adverse action that occurred one month before the plaintiff took leave and two weeks before her vacation time); *Chang Lin v. Azar*, TDC-17-438, 2020 WL 979087, at *8 (D.Md. Feb. 28, 2020) (concerning a period of one month between the adverse action and protected activity).

Defendant contends here that Plaintiff's claim must be dismissed specifically because she fails to plead the third element in a prima facie FMLA case: there is "no causal connection between [Plaintiff's] intermittent FMLA leave and her termination." ECF No. 15-1 at 13. Accepting the factual allegations in Plaintiff's Amended Complaint as true, the Court disagrees with Defendant's contention. In her Amended Complaint, Plaintiff alleges that she requested FMLA leave throughout the month of August and discussed additional FMLA leave she planned to take with her supervisor and coworkers sometime between September 1, 2020 and October 16, 2020. ECF No. 12 ¶¶ 13–15. Plaintiff was then told to either resign or be fired on October 16, 2020 and was

terminated on October 17, 2020. *Id.* ¶¶ 16, 19. Thus, about a month and a half passed between Plaintiff's last formally requested leave and the alleged adverse employment action, with an additional conversation within that time about Plaintiff's anticipated future FMLA leave requests.

Here, like in *Townes*, the temporal proximity between Plaintiff's FMLA leave and her termination satisfies the causation prong at the pleading stage. *See* 2015 WL 5928114, at *5. Contrary to Defendant's argument, the month and a half period between Plaintiff's FMLA leave and her termination is not so great to fail to satisfy the causation prong, especially at the pleading stage. *See id.*; *King*, 328 F.3d at 151 n.5. Defendant contends that the case at bar is dissimilar from *Townes* because the plaintiff there alleged additional retaliatory actions after she returned to work. ECF No. 15-1 at 14. However, the Court is not so specific in its reasoning in *Townes*: it identified FMLA leave as a protective activity (which the plaintiff took in May 2012) and noted that the plaintiff identified "at least one adverse action temporally linked to her exercise of leave" (the formal reprimand in July 2012). 2015 WL 5928114, at *1, 5. Similarly, Plaintiff here was terminated within a month and a half of her last formal FMLA leave and had at least one conversation with her supervisor within that time about additional expected leave requests. Such allegations are certainly sufficient at the pleading stage to allege causation.[3]

### 2. Count II: Violation of Title VII

Defendant further argues that Plaintiff failed to state a claim for sex discrimination in violation of Title VII. ECF No. 15-1 at 9. Title VII prohibits an employer from "discharg[ing] any

---

[3] Defendant argues further that Plaintiff has failed to show causation because there is evidence that she was terminated for other reasons. As the Court explained, temporal proximity is sufficient to satisfy the causation prong at the pleading stage. Moreover, Plaintiff alleged that she was performing her job responsibilities according to the reasonable expectations of her employer at the time of her termination and that Defendant provided no reason for her termination. ECF No. 12 ¶¶ 20–21. Because the motion is construed according to Rule 12(b)(6), the Court will not consider Defendant's supplemental materials on Plaintiff's termination at this stage. *See* Fed.R.Civ.P. 12(d).

individual, or otherwise . . . discriminat[ing] against any individual with respect to [her] compensation, terms, conditions, or privileges of employment," because of, *inter alia*, her sex. 42 U.S.C. § 2000e-2(a). Absent direct evidence, a prima facie case of sex discrimination under Title VII requires: "(1) membership in a protected class; (2) satisfactory job performance; (3) adverse employment action; and (4) different treatment from similarly situated employees outside the protected class." *Coleman v. Maryland Ct. of Appeals*, 626 F.3d 187, 190 (4th Cir. 2010), *aff'd sub nom.* 566 U.S. 30 (2012) (citing *White v. BFI Waste Servs., LLC*, 375 F.3d 288, 295 (4th Cir.2004)). "The prima facie case . . . , however, is an evidentiary standard, not a pleading requirement." *Swierkiewicz v. Sorema N. A.*, 534 U.S. 506, 510 (2002). As such, Plaintiff need not plead facts necessary to constitute a prima facie case of discrimination, but must only "allege facts to satisfy the elements of a cause of action created by" Title VII—namely, that Defendant discharged Plaintiff because of her sex. *McCleary-Evans v. Maryland Dep't of Transp., State Highway Admin.*, 780 F.3d 582, 585 (4th Cir. 2015). *See McKenzie-El v. Am. Sugar Ref., Inc.*, No. 21-1089, 2021 WL 5412341, at *2 (4th Cir. Nov. 19, 2021) (per curiam) (explaining the same). The factual allegations "must be enough to raise a right to relief above the speculative level." *Coleman*, 626 F.3d at 190 (quoting *Twombly*, 550 U.S. at 555).

In particular, "[c]onclusionary allegations that similar actions were not taken against" male comparators "are 'insufficient' to state a discrimination claim." *Ruffin v. Lockheed Martin Corp.*, 126 F.Supp.3d 521, 528 (D.Md. 2015), *aff'd as modified,* 659 F.App'x 744 (4th Cir. 2016) (citing *Francis v. Giacomelli*, 588 F.3d 186, 195 (4th Cir. 2009)). The complaint must show a plausible basis for believing that a similarly situated employee was in fact similarly situated or that sex was the true reason for Plaintiff's termination. *See Coleman*, 626 F.3d at 190–91.

Plaintiff's response appears to assert a "sex plus" theory of discrimination. ECF No. 18 at 10. A "sex plus" discrimination theory under Title VII is where "sex considered in conjunction with a second characteristic" serves as the basis for a Title VII claim. *Fisher v. Vassar Coll.*, 70 F.3d 1420, 1433 (2d Cir. 1995), *on reh'g in banc,* 114 F.3d 1332 (2d Cir. 1997), *abrogated on other grounds by Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133 (2000). *See Phillips v. Martin Marietta Corp.*, 400 U.S. 542, 544 (1971) ("The existence of such conflicting family obligations, if demonstrably more relevant to job performance for a woman than for a man, could arguably be a basis for distinction."). "A 'sex plus' theory of discrimination is based upon allegations that an employer disparately treated a subclass within a protected class." *Samuels v. City of Baltimore*, No. CIV. RDB 09-458, 2009 WL 3348134, at *5 (D.Md. Oct. 15, 2009). Plaintiff must still assert that "persons outside her class were retained in the same position," like women with children were treated differently than men with children, or "other evidence that the employer did not treat" Plaintiff neutrally in terminating her. *Jordan v. Radiology Imaging Assocs.*, 577 F.Supp.2d 771, 785 (D.Md. 2008). In *Samuels*, this Court explained that where a plaintiff failed to allege facts to suggest that he was discriminated against because of his status as a male caregiver, the allegations did not suffice to support a claim for sex plus discrimination. 2009 WL 3348134, at *6.

Here, Plaintiff simply has not asserted facts in her Amended Complaint to support a claim for sex discrimination in violation of Title VII, even under a theory of "sex plus" discrimination. ECF No. 18 at 10. Plaintiff's statement that Defendant "made assumptions about [her], as a woman respective to her caregiving role for her ailing father and subjected her to an adverse employment action," and that "similarly situated male co-workers *who had not requested FMLA leave* [to] care for sick family members were not terminated and did not suffer any adverse employment actions"

are not sufficient to raise the plausible inference of sex discrimination. *See* ECF No. 12 ¶¶ 22, 32 (emphasis added). First, the allegation that Defendant made assumptions about Plaintiff as a woman with respect to her caregiving role is nothing more than a conclusory statement and does not raise a plausible inference of sex discrimination. Moreover, Plaintiff relies upon the assertion that similar actions were not taken against similarly situated male employees who had not taken leave under the FMLA. However, she does not provide any specifics, nor does she identify any comparable male coworkers who *had* requested FMLA leave and did not suffer an adverse employment action. *See Jordan*, 577 F.Supp.2d at 784–85. The combination of solely conclusory allegations with no sufficiently plead comparators are not sufficient to raise the plausible inference of sex discrimination and thus to survive a motion to dismiss. *See Ruffin*, 126 F.Supp.3d at 528.

### CONCLUSION

For the reasons set forth in this Memorandum Opinion, the Court finds that Plaintiff has pled sufficient facts to state a claim for discrimination and retaliation in violation of the FMLA. However, Plaintiff has failed to state a claim for sex discrimination in violation of Title VII. Therefore, Defendant's Motion (ECF No. 15) is GRANTED IN PART with regard to Count II and DENIED IN PART with regard to Count I. A separate order will follow.

Date:  <u>December 28, 2021</u>                                      _____/s/_____

A. David Copperthite
United States Magistrate Judge